NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANN LEE DUNCAN; KATHRINE GAY
DUNCAN,

Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee.

No.   19-72249

Tax Ct. No.  26727-13

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted September 8, 2020[**]

Before:   TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Dann Lee Duncan and Kathrine Gay Duncan appeal pro se from the Tax

Court's order denying their petition challenging a deficiency in their 2008 joint

income tax.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review de

novo the Tax Court's legal conclusions, and for clear error its factual

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

determinations. *Hongsermeier v. Comm'r*, 621 F.3d 890, 899 (9th Cir. 2010). We affirm.

The Tax Court properly determined that the notice of deficiency for tax year 2008 was timely. *See* 26 U.S.C. § 6501(a) (providing that a deficiency must generally be assessed within three years from the date the taxpayer files his or her federal income tax return); 26 U.S.C. § 6501(c)(4) (stating that a taxpayer may consent in writing to the extension of the three-year period for the assessment of tax).

The Tax Court properly upheld the Commissioner's determination of deficiency because the amount paid to Mr. Duncan for his legal services was not excludable from his gross income as a gift. *See* 26 U.S.C. § 61 (broadly defining gross income); *Comm'r v. Dunkin*, 500 F.3d 1065, 1069 (9th Cir. 2007) ("[E]xclusions from gross income are construed narrowly in favor of taxation."); *see also Comm'r v. Duberstein*, 363 U.S. 278, 286 (1960) ("A gift in the statutory sense . . . proceeds from a detached and disinterested generosity . . . out of affection, respect, admiration, charity or like impulses." (citations and internal quotation marks omitted)).

The Tax Court did not clearly err in finding that taxpayers were not entitled to the alleged deductions because they failed to meet their burden of clearly showing a right to the deductions. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1159

(9th Cir. 2007) (explaining that the taxpayer bears the burden of clearly showing the right to the claimed deduction).

We reject as meritless taxpayers' contention that the IRS violated their due process rights.

The Commissioner's request to dismiss Mrs. Duncan from this appeal is denied.

**AFFIRMED.**